UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-cv-316 - KSF

**IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006**

**RELATING TO:**
**Civil Action No. 5:06-CV-313 Adams (Fayette Cir. Ct. No. 06-CI-3749)**
**Civil Action No. 5:06-CV-327 Hebert (Fayette Cir. Ct. No. 06-CI-3843)**
**Civil Action No. 5:06-CV-333 C. Washington (Fayette Cir. Ct. No. 06-CI-3940)**
**Civil Action No. 5:06-CV-337 First Citizens Bank, N. Kono (Fayette Cir. Ct. No. 06-CI-4219)**
**Civil Action No. 5:06-CV-339 First Citizens Bank, T. Kono (Fayette Cir. Ct. No. 06-CI-4220)**
**Civil Action No. 5:06-CV-340 Curry (Fayette Cir. Ct. No. 06-CI-4308)**
**Civil Action No. 5:06-CV-371 Demrow, et al. (Fayette Cir. Ct. No. 06-CI-4371)**
**Civil Action No. 5:06-CV-392 Bizzack (Fayette Cir. Ct. No. 06-CI-4888)**
**Civil Action No. 5:06-CV-411 Trimble (Fayette Cir. Ct. No. 06-CI-5130)**
**Civil Action No. 5:06-CV-412 Thomason (Fayette Cir. Ct. No. 06-CI-5078)**
**Civil Action No. 5:06-CV-413 Frederick (Fayette Cir. Ct. No. 06-CI-5102)**
**Civil Action No. 5:07-CV-006 Combs (Fayette Cir. Ct. No. 06-CI-5585)**

**OPINION AND ORDER**

These wrongful death actions arise out of the crash of Comair Flight 5191 at Lexington, Kentucky, on August 27, 2006. The above-named cases were filed in Fayette Circuit Court and were removed to this Court by the Defendant. All of the Comair Flight 5191 cases before this Court were consolidated for pretrial purposes by a January 22, 2007 Case Management Order [DE #282].

This matter is before the Court on the Motions to Remand by Plaintiffs Adams [DE #77], Hebert [DE #93], C. Washington [DE #88], First Citizens Bank of Elizabethtown for N. Kono [DE #140], First Citizens Bank of Elizabethtown for T. Kono [DE #141], Curry [DE #168], Demrow, Byrd, Finley, Briscoe, Ryan, Theodore, Threet [DE #191], Bizzack [DE #220], Trimble [DE #258], Thomason [DE #262], Frederick [DE #261], and Combs [DE #317]. These motions, having been fully briefed, are ripe for review.

I.       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs in the above-named cases filed their actions in Fayette Circuit Court against various Comair corporate entities (collectively "Comair"). Comair removed all of the actions to this Court alleging "federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 because federal law governs the Plaintiff's right of recovery and because Plaintiff's Complaint includes allegations that raise a substantial issue of federal law." More specifically, Comair argued:

> The Plaintiff's action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code §§ 1331 and 1337 and one which can be removed to this Court by Comair pursuant to the provisions of Title 28, United States Code § 1441, in that the Plaintiff's right to institute a claim for monetary damages arises under federal law which, pursuant to the Federal Aviation Act of 1958 ("1958 Act"), P. L. 85-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.,* now recodified and incorporated into 49 U.S.C. § 40101, *et. seq.*, and the regulations promulgated thereunder, implicitly preempts state law standards governing aviation safety, flight operations, takeoff procedures, and flight crew procedures, which Plaintiff alleges Comair to have violated.

> The Plaintiff's claims also necessarily depend upon resolution of substantial questions of federal law, i.e., whether the federal aviation legislation enacted by Congress and the regulations promulgated thereunder were intended to preclude a liability finding against an interstate air carrier which operated pursuant to the relevant federal standards and whether the use of state law to regulate the flight operations of a carrier engaged in interstate air commerce constitutes an unconstitutional burden on interstate commerce. The U.S. Supreme Court has long recognized that federal question jurisdiction extends to state law claims that inherently involve resolution of a substantial issue of federal law. *See, e.g., Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 128 S.Ct. 2363 (2005); *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed. 420 (1983).

> Plaintiff's Complaint implicates aviation safety but it includes claims predicated on alleged violations of state or common law standards of care. However, courts have long recognized and held that federal law, namely the 1958 Act, *exclusively* regulates the field of aviation safety and displaces all state and common law that purports to establish the standard of care applicable to an air carrier's conduct in this field. [Citations omitted; emphasis in original.]

> In *Greene v. B.F. Goodrich Avionics Sys., Inc.,* 409 F.3d 784 (6th Cir. 2005), the Sixth Circuit Court of Appeals adopted *Abdullah v. American Airlines*, 181 F.3d 363 (3rd Cir. 1999).

> Jurisdiction is also, or will be, appropriate under 28 U.S.C. § 1346(b), as Comair has been served with an Amended Complaint in a related matter styled *Opal Blockson, Individually and as Administrator of the Estate of Joann Wright,*

2

*deceased, v. Comair, Inc.*, United States District Court, Eastern District of Kentucky, Covington Division, Case No. 06-CV-00175-KSF, wherein the plaintiff has averred her initiation of administrative proceedings to assert a claim against the United States of America, via the assertion of a claim against an employee of the Federal Aviation Administration.

Jurisdiction is also, or will be, appropriate under 28 U.S.C. § 1331, as Comair has been named in a Complaint filed in a related matter, *Landmark v. Comair, Inc.,* United States District Court, Eastern District of Kentucky, Covington Division, Case No. 06-CV-00305-KSF, wherein the plaintiff avers that the decedent was a resident of Canada and the action arises under a treaty of the United States of America, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention").

The language in each separate removal notice was the same, except as noted below; *see,* for example, the removal notices in Case No. 06-CV-313-KSF, DE #1; Case No. 06-CV-327-KSF, DE #1; Case No. 06-CV-333-KSF, DE #2; and Case No. 06-CV-337-KSF, DE #1.  The last paragraph above was omitted in removal notices for the following cases: Case No. 06-CV-392-KSF; Case No. 06-CV-411-KSF; Case No. 06-CV-413-KSF; Case No. 06-CV-412-KSF; and Case No. 07-CV-006-KSF.

In the *Demrow* case, No. 06-CV-371-KSF, Comair added that federal jurisdiction was mandatory "because three of Plaintiffs' decedents were traveling internationally.  Passengers Bobbie Sue Benton and Jesse Clark Benton were traveling to Aruba and Brian Byrd was traveling to St. Lucia" [DE #1, p. 6].  It continued: "the Montreal Convention is preemptive: a carrier is not subject to liability under local law for passenger injuries 'covered by' the Montreal Convention."  *Id.*

Each of the above Plaintiffs alleged in their complaint only state law causes of action and made no reference to federal law.  They all move to remand, arguing generally that Comair failed to meet its burden of proving that federal jurisdiction exists.  They note that their wrongful death causes of action were created by state law, not federal law, and that they rely only on state law for relief.  They state that no federal question is presented on the face of their complaints.  As the master of their complaints, they claim they are entitled to maintain their actions in state court.  They

3

argue that the defense of preemption does not support jurisdiction in federal court, and that Comair failed to demonstrate Congressional intent to preempt completely all state law causes of action.

## II.     REMOVAL JURISDICTION GENERALLY

Claims originally filed in state court may be removed to federal court by a defendant if the action could have been filed originally in federal court.  28 U.S.C. § 1441(a).  The party removing the case from state court bears the burden of proving that federal jurisdiction exists.  *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).  "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed" with all doubts resolved against federal jurisdiction.  *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Eastman*, 438 F.3d at 549-50.  In the present case, removal is not based on diversity of citizenship.

Comair relies on 28 U.S.C. § 1441(b), which permits removal of any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," known as "arising under" jurisdiction.  Generally, "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Palkow v. CSX Transportation, Inc.*, 431 F.3d 543, 552 (6th Cir. 2006), (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983).  The well-pleaded complaint rule, "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987).  The rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.* at 392.    "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial National Bank v. Anderson*, 539 U.S. 1,6 (2003).  To support removal, the complaint must establish "either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S.Ct. 2121, 2131 (2006).

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004); *Eastman*, 438 F.3d at 551; see *also Roddy v. Grand Trunk Western Railroad, Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). "It is settled law that 'a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Roddy*, 395 F.3d at 322, quoting *Caterpillar*, 482 U.S. at 393 (emphasis in original). *See also Heydon v. MediaOne of Southeast Michigan*, 327 F.3d 466 (6th Cir. 2003).

There are two narrow exceptions to the well-pleaded complaint rule. A plaintiff cannot avoid federal jurisdiction when (1) federal law completely preempts the state-law claims; or (2) the state-law claims raise substantial questions of federal law. *Palkow*, 431 F.3d at 552; *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). Comair asserts in its removal notices that there is federal question jurisdiction "because federal law governs the Plaintiffs' right of recovery and because Plaintiffs' Complaint includes allegations that raise a substantial issue of federal law."

## III.    PREEMPTION

There are several forms of preemption of state law under the Supremacy Clause, and it is helpful to distinguish among them at the outset.

### A.    Express Preemption

Congress may expressly state its intention that a federal statute will supplant substantive state law and/or state law remedies. For example, the ICC Termination Act of 1995, 49 U.S.C. § 10501(b), provides exclusive jurisdiction to the Surface Transportation Board and exclusive remedies:

5

(b) the jurisdiction of the Board over --

> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,

is exclusive.  Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

With this express language, Congress made clear its intention that a federal agency has exclusive authority to regulate these railroad activities, and that all other remedies provided by state or federal law are preempted.

By contrast, the Airline Deregulation Act of 1978 ("ADA") amended the Federal Aviation Act of 1958 ("FAA") to include an express prohibition against enactment or enforcement of state laws, rules, regulations, standards, or other provisions "having the force and effect of law relating to rates, routes, or services of any air carrier."  49 U.S.C. § 1305(a)(1), reenacted as 49 U.S.C. §41713(b)(1).  It is settled that the ADA did not preempt state court remedies for contract claims regarding airline rates, routes or services.  *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 232 (1995) (The ADA preemption clause stops states from imposing substantive standards regarding rates, routes, services, but does not channel civil actions into federal courts).  Comair does not claim that the present cases are preempted by the ADA's express preemption clause.

A number of courts have rejected arguments that the ADA expressly preempts various state law claims:  *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1251 (6th Cir. 1996) ("[W]e therefore hold that the ADA, unlike ERISA, does not 'channel civil actions into federal courts'"); *Bieneman v. City of* Chicago, 864 F.2d 463, 471 (7th Cir. 1988) ("The Federal Aviation Act does not expressly preempt state damages remedies. ... State courts award damages every day in air crash cases, notwithstanding that federal law preempts the regulation of safety in air travel"); Charas *v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998)(en banc)("Congress did not intend to preempt passengers' run-of-the mill personal injury claims");

6

*Hoagland v. Town of Clear Lake, Inc.*, 415 F.3d 693 (7th Cir. 2005) (FAA does not preempt a local land use or zoning ordinance); *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995)(en banc) ("[N]either the ADA nor its legislative history indicates that Congress intended to displace the application of state tort law to personal physical injury inflicted by aircraft operations"); *Public Health Trust of Dade County, Fla. v. Lake Aircraft*, 992 F.2d 291, 295 (11th Cir. 1993) (Personal injury design defect claims are not preempted); *O'Hern v. Delta air Lines, Inc.*, 838 F. Supp. 1264 (N.D. Ill. 1993) (State law negligence claim for hearing loss not preempted); *Wright v. Bond-Air, Ltd*, 930 F. Supp. 300, 305 (E. D. Mich. 1996) ("[T]he Federal Aviation Act of 1958 (FAA) as amended by the Airline Deregulation Act of 1978 (ADA), does not preempt traditional state law claims for negligence...")*; Smith v. Corum*, 2006 WL 1542783 at *6 (E.D. Ky. 2006) ("[T]he Sixth Circuit has joined the second, ninth and eleventh circuits in adopting an even narrower view of the ADA's preemption clause"). *But see Witty v. Delta Air Lines, Inc.*, 366 F.3d 380, 385 (5th Cir. 2004) ("We hold that federal regulatory requirements for passenger safety warnings and instructions are exclusive and preempt all state standards and requirements").

## B.    Implied "Ordinary" Preemption[1]

Preemption of state law may be implied, rather than expressed.  "We have recognized that a federal statute implicitly overrides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively [citation omitted] or when state law is in actual conflict with federal law."  *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995). "'Where ... the field which Congress is said to have pre-empted' includes areas that have 'been traditionally occupied by the States,' congressional intent to supersede state laws must be 'clear and manifest.'"

---

[1]  Some courts refer to this form of implied preemption as "ordinary preemption," *see Roddy,* 395 F.3d at 326; others call it "field preemption," *see, e.g., Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 367 (3d Cir. 1999); still other courts equate "field preemption" with "complete preemption," *see, e.g., Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp.2d 975, 978 (E. D. Wis. 2004).  It is not surprising that confusion arises from the various uses of this terminology.

*English v. General Electric Co*, 496 U.S. 72, 79 (1990)( quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)).

Implied preemption may take one of two forms, "ordinary"[2] or "complete."  Complete preemption that supports removal and ordinary preemption are "two distinct concepts."  *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995) (en banc). The difference between the two concepts is critical in this case.

> Ordinary preemption of a state claim by federal law requires the application of federal substantive law.  If the federal law that purportedly preempts state law is alleged in a well-pleaded complaint, that will provide a basis for federal question jurisdiction.  Ordinary preemption will not, however, permit removal jurisdiction if the plaintiff chose to frame his claim based solely on state law, and preemption is raised only as a defense by the defendant.

14B Wright & Miller: Federal Prac. & Proc. § 3722.1, Removal Jurisdiction – Cases Based on the Existence of a Federal Question: Complete Preemption (2007), pp. 507-08.  Thus, when Congress preempts state law as the substantive law of the case, it does not follow that state remedies are also preempted and that state courts are deprived of jurisdiction.  *Wright v. General Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001).  "Ordinary preemption applies to statutory sections that arguably supersede conflicting state laws *without creating the right of removal*."  *Roddy*, 395 F.3d at 326; emphasis added.  "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [federal law] does not establish that they are removable to federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398 (1987).

Comair argues at length in response to the remand motions that there is evidence of Congressional intent for the standard of care for airline safety to be uniform and to be exclusively determined by federal law.[3]  Whether there is ordinary preemption of state substantive law on the

---

[2]  "Conflict" preemption is a form of implied ordinary preemption. *See, e.g., Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005); *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003).

[3]  In each Answer, Comair includes a defense of preemption: "Defendants affirmatively state and allege that Plaintiff's Complaint is expressly and/or impliedly preempted in whole or in

duty of care owed by an air carrier in a wrongful death case, however, is not the question before this Court.  It would be premature and inappropriate to consider that issue at this point.

The critical issue before this Court is whether there is original federal question jurisdiction to support the removal of these cases from state court.  If Comair fails to prove federal question jurisdiction, the cases must be remanded to the state court for determination of all issues, including the appropriate standard of care.  *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004) (Where court lacked jurisdiction, none of plaintiffs' claims having been completely preempted by LMRA, court lacked jurisdiction to determine whether any claims were defensively preempted by NLRA, and that issue was for state courts); *Wright*, 262 F.3d at 616 (in connection with ordering remand for claims not completely preempted, leaving it to state court to address whether plaintiff's claim was subject to a preemption defense); *Smith v. Corum*, 2006 WL 1542783 (E.D. Ky. 2006) at *6 ("Federal courts have a 'general respect for a state court's ability to decide federal issues.' [*Musson*, 89 F.3d 1244 at 1257].  Therefore, even if application of the federal defense would largely (or entirely) absolve an air carrier of liability, that determination is one that is for the state court – or the federal court sitting in diversity – to determine").

While the Third Circuit held in *Abdullah* that "federal law establishes the applicable standards of care in the field of air safety," it also said, "[n]evertheless, we find that plaintiffs may recover damages under state and territorial remedial schemes."  *Abdullah*, 181 F.3d at 368.  Thus, *Abdullah* holds that state law remedies or causes of action remain available, despite ordinary preemption of the standard of care.  There was no discussion in Abdullah regarding the jurisdiction of the federal court, but the holding itself precludes a complete preemption decision.  Likewise, jurisdiction was not an issue in *Greene v. B.F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784 (6th Cir. 2005) when it adopted *Abdullah*.  In fact, the District Court docket reflects that jurisdiction in

_____

part by federal law, including, but not limited to the Federal Aviation Act of 1958 and the federal common law applicable to federally certified air carriers."  *See e.g.*, DE #144, ¶ 40

*Greene* (Case No. 5:02-cv-8-JMH, Eastern District of Kentucky) was based on diversity.  Comair relies heavily on these two cases, but neither provides support for a claim of original jurisdiction in federal court or its objection to the motions to remand.

The fact that federal law might provide a "federal answer" or defense to plaintiffs' claims does not create a "federal question" sufficient to support jurisdiction exclusively in federal court. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [federal law] does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398.  *See also Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290, (11th Cir. 2004) ("So-called 'ordinary preemption,' which is raised as a defense based on the preemptive effect of a federal statute, will not provide a basis for removal"). This Court has carefully considered the ordinary preemption cases relied upon by Comair, including *City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624 (1973), and holds that those authorities are not relevant to the issue of whether this Court has original jurisdiction over the cases removed.

**C.    Implied Complete Preemption**

1.    Applicable Standard

In contrast to ordinary preemption, "complete preemption" involves preemption of state substantive law *as well as* state causes of action.  Complete preemption converts a state claim into one stating a federal claim for purposes of removal jurisdiction.

In *Roddy*, the district court denied a motion to remand a civil rights action filed by a terminated employee, holding that the state-law claim was completely preempted by the Railway Labor Act.  The Sixth Circuit, in reversing and remanding the case to state court for lack of subject matter jurisdiction, described "complete preemption" as follows:

> The "complete preemption" doctrine, developed in the case law, recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro Life*, 481 U.S. at 63-64, 107 S.Ct. 1542.  Complete preemption applies where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-

10

pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425 (quoting *Metro. Life*, 481 U.S. at 65, 107 S.Ct. 1542).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Caterpillar*, 482 U.S. at 393.

*Roddy*, 395 F.3d at 323.  The court noted the very few statutes under which the Supreme Court has recognized complete preemption:   § 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. §185; § 502(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq.; and § 30 of the National Bank Act, 12 U.S.C. §§ 85, 86.  The court cautioned: "Complete preemption represents a substantial departure from the firmly established well-pleaded complaint rule.  This Court is hesitant to find such a departure absent clear Congressional intent to that effect."  *Id.* at 326.

In *Musson*, the Sixth Circuit discussed whether a state-law claim against an air freight carrier was completely preempted under the Airline Deregulation Act and said:

> "Complete preemption" applies only in the *extraordinary* circumstance when Congress intends, not merely to preempt a certain amount of state law, but also to transfer jurisdiction to decide the preemption question from state to federal courts. Without evidence of Congress's intent to transfer jurisdiction to federal courts, there is no basis for invoking federal judicial power.
>
> Examining the text of the ADA and its legislative history, we see no evidence that congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers.  Quite to the contrary: if the Supreme Court was correct to state that the ADA, unlike ERISA, did not intend to "channel actions into federal court," *American Airlines,* 513 U.S. at ___, 115 S.Ct. at 825, then *only* a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of Musson's claims.

89 F.3d at 1253 (emphasis in original; citations omitted).

In *Palkow,* the plaintiff filed a state court action based on allegedly perjured testimony in her federal civil rights action against CSX Transportation, Inc.  CSX removed the case to federal court, and the District Court denied her motion to remand.  In reversing, the Sixth Circuit said:

> It is not enough, however, to determine the removability of an action to federal court under the "complete preemption" doctrine that federal law "preempts" state law. ("Erisa pre-emption, without more, does not convert a state claim into an action arising under federal law." [*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)]

at 64). Rather, it is only when the federal statutory language demonstrates that Congress has manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable, that they are deemed to be "completely preempted." *See id.* at 66-67.

431 F.3d at 552-53. The court continued: "In other words, the complete preemption doctrine is not simply one of preemption of the law, it is a sort of 'super' preemption which preempts not only state law, but also creates federal removal jurisdiction – to use the jargon of the day, it is 'preemption on steroids.'" *Id.* at 553. In advocating strict construction of removal statutes, the court said the need to exercise restraint is "even more compelling in the context of removal than in the context of original jurisdiction." *Id.* at 555.

> The decision whether to remove a suit to federal court directly implicates the constitutional allocation of authority between the federal and state courts. The federal judiciary must respect the important objectives the framers sought to achieve when they carefully crafted our federal system and its concomitant national government of limited powers. Absent specific Congressional command, the expansion of removal jurisdiction by the courts would seem to undermine these important constitutional considerations.

*Id.*

In summary, "complete" preemption replaces not only state substantive law with federal law, but also replaces state causes of action with claims "arising under" federal law. Because of the serious implications regarding the Constitutional allocation of authority between state and federal courts, there must be a clear manifestation of congressional intent for federal law to supersede both state substantive law and state causes of action to create federal removal jurisdiction. The plaintiff must remain "the master of the claim," and the plaintiff's choice of forum should prevail unless there is "preemption on steroids."

2.    <u>Whether Plaintiffs' Claims Are Completely Preempted by the FAA</u>

The beginning point in determining congressional intent for complete preemption of state law is to look at the statute itself. *Roddy*, 395 F.3d at 325. Until amended by the ADA in 1978, the FAA had no express preemption clause. When Congress added preemption, it was only for state

12

law relating to price, route or service of an air carrier.[4]  "Congress enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." *Cipollone v. Liggett Group,* Inc., 505 U.S. 504, 517 (1992).  The court subsequently clarified its position as follows: "At best *Cipollone* supports an inference that an express pre-emption clause forecloses implied pre-emption; it does not establish a rule."  *Freightliner Corp. v. Myrick*, 514 U.S. 280, 288 (1995).  While the presence of a preemption clause is not conclusive, it leaves the inference that there is no implied preemption in the FAA.  Additionally, the FAA contains a savings clause.[5]

In *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) the Supreme Court considered the express preemption clause of the ADA and the FAA's express savings clause, and held that state court remedies for breach of contract remained available, despite preemption of state law.

> The conclusion that the ADA permits state-law-based court adjudication of routine breach-of-contract claims also makes sense of Congress' retention of the FAA's saving clause §1106, 49 U.S.C.App § 1506 (preserving "the remedies now existing at common law or by statute").  The ADA's preemption clause, § 1305(a)(1), read together with the FAA's saving clause, stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated.

*Id.*  at 232-33.  The court found "no hint" that "Congress meant to channel into federal courts" contract claims relating to airline rates, routes or services.  "In this regard, the ADA contrasts markedly with the ERISA, which does channel civil actions into federal courts ... under a

---

[4]   "[A] State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier...."  49 U.S.C. § 41713(b)(1).

[5]   As originally enacted, the FAA savings clause said: "Nothing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies."  49 U.S.C.App. § 1506.  As amended, the clause now reads:  "A remedy under this part is in addition to any other remedies provided by law."  49 U.S.C. § 40120(c).

comprehensive scheme, detailed in the legislation, designed to promote 'prompt and fair claims settlement.'" *Id.*

In *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438 (10th Cir. 1993), the court considered whether the FAA impliedly completely preempted state law tort claims for negligent design of the plane. It considered the legislative history as well as the savings clause and held:

> We conclude that Congress has not indicated a "clear and manifest" intent to occupy the field of airplane safety to the exclusion of state common law. To the contrary, it appears through the savings clause that Congress has intended to allow state common law to stand side by side with the system of federal regulations it has developed.

*Id.* at 1444. Likewise, the Sixth Circuit examined the text of the ADA and the legislative history and said: "[W]e see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers." *Musson*, 89 F.3d at 1253.

Another indicator of congressional intent to completely preempt state causes of action is the creation of a cause of action and procedures regarding that cause of action in the federal statute.

> In the two categories of cases where this Court has found complete pre-emption – certain causes of action under the LMRA and ERISA – the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action. See 29 U.S.C. §1132 (setting forth procedures and remedies for civil claims under ERISA); §185 (describing procedures and remedies for suits under the LMRA).

*Beneficial*, 539 U.S. at 8. The court had previously construed the National Bank Act "as providing an exclusive federal cause of action for usury against national banks." The creation of a cause of action and related concerns led the court to conclude that substantive and remedial provisions of state usury laws were completely preempted.

In the present case, however, Comair "does not allege or argue that the 1958 Act provides a private cause of action under the circumstances here" [DE #199, p. 11 n. 8].[6]  Instead, Comair relies on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005) as eliminating any requirement for a private federal cause of action [DE #199, p. 11].  The issue in *Grable* was not complete preemption, but rather "substantial federal question" jurisdiction, a doctrine analyzed separately below.

Comair focuses on the legislative history of the FAA and its exclusive authority to set safety standards as evidence supporting federal court jurisdiction [DE #199 pp. 9, 15+].  However, the Nuclear Regulatory Commission's "exclusive authority to set safety standards did not foreclose the use of state tort remedies."  *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 253 (1984).  Likewise, "there is no general, inherent conflict between federal pre-emption of state warning requirements and the continued vitality of state common-law damages actions."  *Cipollone*, 505 U.S. at 518.  "Ordinarily, the mere existence of a federal regulatory or enforcement scheme, even one as detailed as [Energy Reorganization Act of 1974] § 210, does not by itself imply pre-emption of state remedies."  *English v. General Elec. Co.*, 496 U.S. 72, 87 (1990).

It is also settled that removal may not be based upon a defense of preemption, even if that is the only question in issue.  *Roddy*, 395 F.3d at 322, quoting *Caterpillar*, 482 U.S. at 393.  Accordingly, Comair's defense that state law is preempted regarding the standard of care and that plaintiffs are required to allege federal claims will not support removal jurisdiction in this Court.

The only case that supports removal under the preemption arguments made by Comair is *Curtin v. Port Authority of New York*, 183 F. Supp.2d 664 (S.D.N.Y. 2002).  There, a passenger

---

[6]  *See also*, *Brewer v. Dodson Aviation*, 2006 WL 3231974 at *3 (W.D. Wash. 2006) ("Plaintiffs have failed to cite any case law that shows that the Federal Aviation Act or related regulations create a private right of action"); *In re Mexico City Aircrash*, 708 F.2d 400, 408 (9th Cir. 1983) ("[T]he Federal Aviation Act does not contain an implied private right of action"); *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, 789 F. Supp. 360, 362-63 (D. Kan. 1992) ("the FAA does not have the power to assess damages for past wrongs").

brought a state common law negligence claim against Delta Air Lines for personal injuries arising from an emergency evacuation.   In ruling on the plaintiff's motion to remand to state court, the federal court relied upon the ordinary preemption decisions of *French v. Pan Am Express*, 869 F.2d 1 (1st Cir. 1989), and *Abdullah* and held that "the standard of care is a matter of federal, not state, law."  *Id.* at 671.  Without any analysis or consideration of the complete preemption doctrine, the court then said: "Accordingly, this action presents a federal question and removal was proper."  *Id.* at 672.  This Court respectfully disagrees with *Curtin* to the extent it holds that removal jurisdiction directly follows from ordinary preemption.

By contrast, a number of jurisdictions have held that the FAA does not completely preempt state law causes of action.  *See Abdullah v. American Airlines, Inc.,* 181 F.3d 363, 375 (3d Cir. 1999) ("[F]ederal law establishes the applicable standards of care in the field of air safety.... Nevertheless, we find that plaintiffs may recover damages under state and territorial remedial schemes"); *Bieneman v. City of Chicago*, 864 F.2d 463, 471 (7th Cir. 1988) ("The Federal Aviation Act does not expressly preempt state damages remedies. ... Statutes of this sort save common law remedies even when federal law exclusively determines the content of substantive rules"); *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998) (en banc) ("Congress did not intend to preempt passengers' run-of-the-mill personal injury claims"); *Drake v. Laboratory Corporation of America,*, 458 F.3d 48, 58 (2d Cir. 2006) ("This 'saving' clause clearly indicates that the Act's remedies are not intended to be exclusive and that the Act therefore does not itself preempt Drake's claims for state-law remedies for violations of the FAA regulations"); *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995) ("[N]either the ADA nor its legislative history indicates that Congress intended to displace the application of state tort law to personal physical injury inflicted by aircraft operations, or that Congress even considered such preemption"); *Musson Theatrical, Inc. v. Federal Express Corp.*. 89 F.3d 1244 (6th Cir. 1996) ("[W]e see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the

preemption defenses to state law claims against air carriers"); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) ("The question is whether, in enacting the Federal Aviation Act, Congress clearly intended completely to replace state law with federal law and create a federal forum, or, more likely, if it only intended to provide a federal defense to the application of state law. In this case, we conclude that it is the latter"); *Holliday v. Bell Helicopters Textron, Inc.*, 747 F. Supp. 1396, 1400 (D. Haw. 1990) (Plaintiffs' crashworthiness claim is not impliedly preempted by the FAA); *Monroe v. Cessna Aircraft Co.*, 417 F. Supp.2d 824 (E.D.Tex 2006) ("[N]either the field of aviation safety nor negligence and strict product liability claims against aircraft manufacturers are impliedly preempted by federal law in the Fifth Circuit"); *Singh v. North American Airlines*, 426 F. Supp.2d 38, 43 (E.D. N.Y. 2006) ("Since the ADA does not provide 'complete preemption,' it fails to provide this Court with subject matter jurisdiction over those claims even if the ADA did preempt them"); *Skydive Factory, Inc. v. Maine Aviation Corp.*, 268 F. Supp.2d 61, 64 (D. Maine 2003) ("In fact, the Federal Aviation Act has no private cause of action, and there is no suggestion in the Act or the legislative history that Congress intended to eliminate ordinary damage recoveries for breach of contract and torts"); *Sunbird Air Services, Inc. v. Beech Aircraft Corp*, 789 F. Supp. 360, 363 (D. Kansas 1992) ("[T]he allowance of state remedies does not frustrate the objectives of the Federal Aviation Act"); *Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp.2d 975, 979 (E.D. Wis. 2004) (The ADA and the FAA "are not completely preemptive, and plaintiffs' state law claims may not be recharacterized as federal claims and removed based on federal question jurisdiction"); *Wright v. Bond-Air. Ltd*, 930 F.Supp. 300, 305 (E. D. Mich. 1996) ("[T]he Federal Aviation Act of 1958 (FAA), as amended by the Airline Deregulation Act of 1978 (ADA) ... does not preempt traditional state law claims for negligence..."); *Glorvigen v. Cirrus Design Corp.*, 2006 WL 399419 (D. Minn. 2006) at *6 ("The FAA does not provide an express federal remedy for a violation of standard of care.  Thus, complete preemption does not apply"); *McCarty v. Precision Airmotive Corp.*, 2006 WL 2644921 (M.D. Fla. 2006) ("The fact that FAA rules and regulations may be

relevant to defining the duty of care in a negligence case or the standard in a products liability case, however, does not elevate a typical state-law tort claim to one requiring resolution in a federal forum"); *Sheesly v. Cessna Aircraft*, 2006 WL 1084103 at *23 (D.S.D. 2006) ("[T]he court finds that Congress did not intend to preempt the field of aviation safety when it adopted the Act"); *Smith v. Corum*, 2006 WL 1542783 at *4 (E. D. Ky. 2006) ("[W]hile some state actions are contrary to the preemptive purpose of the ADA, Congress did not intend for the ADA to completely preempt all state actions in this area).

Comair bears the burden of proving that federal jurisdiction exists. *Eastman*, 438 F.3d at 550. Federalism concerns require that all doubts be resolved against removal jurisdiction. *Long*, 201 F.3d at 757. These Plaintiffs remain the master of their complaints, and they pled only state law causes of action. Clear congressional intent is required to support complete preemption, which is a substantial departure from the well-pleaded complaint rule. *Roddy*, 395 F.3d at 326. Comair has not shown any "clear congressional intent" to transfer jurisdiction of these state law claims from state to federal court. Accordingly, it is the opinion of this Court that the FAA does not completely preempt state law causes of action for wrongful death or survivor benefits in aviation cases. To the extent Comair relied on FAA preemption as a basis for removal, its reliance was misplaced. This Court does not have subject matter jurisdiction based on complete preemption of wrongful death claims by the FAA.

**D.     Preemption by the Warsaw Convention**

Comair alleges in its removal notices that federal court jurisdiction over three of the plaintiffs who moved to remand[7] is conferred by the Warsaw Convention,[8] as amended by the Montreal

---

[7]  Bobbie Benton, Jesse Benton and Brian Byrd

[8]  Convention for the Unification of Certain rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 76 (1934), note following 49 .U.S.C.. § 40105.

Protocol[9] ("Convention"), because they were traveling on international flights. [Case No. 06-371, DE #1, p. 6]. This issue is not addressed in the motions to remand or in the joint response thereto, but it potentially could be an important factor in considering the remand motions of those three plaintiffs. There is authority that the Convention completely preempts state law causes of action, although there is a split in the circuits. *See, e.g., In re Air Disaster at Lockerbie, Scotland*, 928 F.2d 1267, 1278 (2d Cir. 1991). To avoid any further delay to those Plaintiffs who would not be affected by this issue, this Court is granting the remaining motions to remand and ordering these Plaintiffs to file a memorandum on or before April 27, 2007 regarding the applicability of the Convention to their motions to remand. Comair shall file a responsive memorandum on or before May 11, 2007, and a reply may be filed on or before May 21, 2007.

## IV.    Substantial Federal Question

Removal jurisdiction may be created not only by complete preemption, but also by a claim that "necessarily depends on resolution of a substantial question of federal law." *Palkow*, 431 F.3d at 552. While federal question jurisdiction typically is invoked by a plaintiff pleading a cause of action created by federal law, the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005) said, "there is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. The court noted, however, that "federal issue" has not been treated as "a password opening federal courts to any state action embracing a point of federal law." *Id.* at 314. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

---

[9] Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage By Air, signed at Warsaw on October 12, 1929, as amended by the Protocol Done at the Hague on September 8, 1955 ("Montreal Protocol No. 4"), reprinted in S. Exec. Rep. No. 105020, pp. 21-32 (1998).

may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

*Grable* involved a quiet title action against a federal tax sale purchaser on the ground that the IRS had given him inadequate notice as defined by federal law. The court found that whether Grable was given notice was an essential element of his claim; the meaning of the federal statute was actually in dispute; interpretation of the tax provision was an important issue of federal law; and there would be only a "microscopic effect on the federal-state division of labor." *Id.* at 315. Accordingly, the court held that the case "warrants federal jurisdiction." *Id.*

The Supreme Court revisited this issue in *Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S.Ct. 2121 (2006) in which a health insurance carrier for federal employees sought reimbursement of benefits in federal court from an employee who recovered damages in a state-court tort action. The court affirmed the lower court's dismissal of the action for lack of subject matter jurisdiction. It noted that reimbursement or subrogation claims were not covered by the statute's express preemption provision and said: "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." *Id.* at 2135. "In sum, *Grable* emphasized that it takes more than a federal element 'to open the "arising under" door.'" *Id.* at 2137, quoting *Grable*, 545 U.S. at 313. The court further said that "[t]he state court in which the personal-injury suit was lodged is competent to apply federal law, to the extent it is relevant...."

In *Eastman v. Marine Mechanical Corporation*, 438 F.3d 544 (6th Cir. 2006) (cert. denied 127 S.Ct. 73 (2006)), the court considered whether there was removal jurisdiction over a state court retaliatory employment discharge claim where the plaintiff relied upon several federal statutes regarding government contractors for public policy the plaintiff claimed was violated. It said jurisdiction can be found "only when there is 'not only a contested federal issue, but a substantial one'; and federal jurisdiction is 'consistent with congressional judgment about the sound division

of labor between state and federal courts governing the application of § 1331.'" *Id.* at 552, quoting *Grable*, 545 U.S. at 308.  "A 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Id.*, quoting *Grable*, 545 U.S. at 315.  The court found that "the meaning of the two statutes cited by the plaintiff is not in serious dispute in this case"; thus, there was no substantial federal question to support removal jurisdiction.  *Id.* at 553.

> We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress had determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."

*Id.* at 552.  Thus, even when a plaintiff relies on federal law as part of a state law claim, there is not necessarily a substantial federal question to support removal jurisdiction.

Comair does not identify a single federal statute relied upon by the plaintiffs and about which the parties have any serious dispute as to its interpretation.  There is no such federal statute because Plaintiffs' claims are based entirely upon state law.  Instead, Comair defends against plaintiffs' state law claims by arguing they are preempted by federal law.  As Comair expresses it, "the substantial and disputed federal issue is whether the 1958 Act displaces state and common law in establishing the standard of care applicable to Comair under the circumstances alleged." [DE #199, p. 6].  Whether removal may be based on a defense of this type was answered twenty years ago in *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987):

> But the presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. ... But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be master of nothing.

*Id.* at 398-99, emphasis in original.

21

Comair relies upon the April 20, 2006, decision of a district court in *Bennett v. Southwest Airlines Co.,* (N.D. Ill.) [DE #361], that a substantial federal question was raised in the plaintiffs' personal injury claims from a plane crash.  The subsequent opinion of that court reveals several important distinctions and comments.  *See Bennett v. Southwest Airlines, Co.,* 2006 WL 1987821 (N.D.Ill. July 13, 2006).  First, the plaintiffs specifically alleged violations of the Federal Aviation Regulations and violation of the FAA approved flight manual, raising a  federal issue in their complaint.  *Id.*  at *1.  Second, the court recognized that a federal defense would not support removal.  "However, federal preemption generally constitutes a federal defense to a state law action, and therefore would not support removal from state court."  *Id.* at *3.  Third, the court recognized that the federal aviation statutes do not provide a private cause of action.  Fourth, it recognized that "complete preemption of any case containing an aviation component is contrary to established precedent."  *Id.*  Accordingly, this Court does not agree that *Bennett* supports a finding of federal question jurisdiction in this case.  Comair also relies on *Mikulski v. Centerior Energy Corp.*, 435 F.3d 666 (6th Cir. 2006) to support its removal, but that decision was vacated when the Sixth Circuit agreed to rehearing en banc on April 26, 2006.

A case bearing a stronger similarity to the present one is *Glorvigen v. Cirrus Design Corp*, 2006 WL 399419 (D. Minn. Feb. 16, 2006).  In their wrongful death claims, the plaintiffs there alleged that the aircraft designer and manufacturer failed to provide the pilot with adequate training and breached its warranty of merchantability, but the complaints did not refer to any federal law. The cases were removed on grounds of substantial federal question and complete preemption by the FAA.  *Id.* at *1.  The court quoted *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) as having decided that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  While the applicability of the Federal Aviation Regulations "will certainly be in issue," it noted that the parties did not "contest the meaning of any regulation and point to no federal law that is in dispute."  *Id.* at *3.  The court further

noted that Congress did not provide a federal cause of action and did not preempt state remedies, "strongly indicating that Congress did not intend to create a substantial federal question over cases implicating the FAA and FARs." *Id.* The court also found that complete preemption did not apply. Accordingly, the plaintiffs' motions to remand were granted.

Likewise, in *McCarty v. Precision Airmotive Corp.*, 2006 WL 2644921 (M.D. Fla. 2006), the plaintiffs filed wrongful death and survival actions in state court alleging negligence and products liability against the engine designer and manufacturer. Removal to federal court was based on *Grable*. *Id.* at *1. The court held: "The fact that FAA rules and regulations may be relevant to defining the duty of care in a negligence case or the standard in a products liability case, however, does not elevate a typical state-law tort claim to one requiring resolution in a federal forum." *Id.* "Applying *Grable* and *[Empire Healthchoice Assur., Inc. v.] McVeigh* to this wrongful death and survival action, the court concludes that it remains a garden variety state-law tort case which does not raise a 'significant' or 'substantial' federal issue mandating resolution by this Court." *Id.* at *2. It also noted: "State court judges have been presiding over such cases for decades without disturbing any established balance between federal and state responsibilities." *Id.*

A similar *Grable* argument was made in *Kentucky v. China Tobacco Anyang Cigarette Factory*, 2005 WL 2234638 (E.D. Ky. Sept. 14, 2005), where the court said: "Plaintiff's complaint does not *arise* under federal law. The only reason that federal law will become applicable in this case is because, presumably, Defendant will allege a federal defense." *Id.* at *3, emphasis in original. The court held that was "not sufficient to establish federal question jurisdiction." In response to an argument similar to that made by Comair regarding efficiency in litigation, the court said: "efficiency considerations weighing in favor of litigating the cases in the same forum does not create jurisdiction where jurisdiction does not otherwise exist." *Id.*

*Grable* emphasized that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." 545 U.S. at 314. Under

the facts of this case, the Court concludes that these Plaintiffs have not raised any substantial federal question which may be entertained in a federal forum without disturbing the balance of federal and state judicial responsibilities.  Accordingly, Plaintiffs' motions to remand should not be denied on this ground.

## V.    ADMINISTRATIVE MATTERS

All Plaintiffs before this Court have been proceeding under the Second Amended Case Management Order No. 1 [DE #339], which provides a discovery schedule and for coordination of discovery through a Plaintiffs' Executive Committee.  The Second Amended Case Management Order No. 1 is no longer effective for those Plaintiffs whose cases are being remanded to the Fayette Circuit Court.  Counsel for those parties whose cases remain active in this Court following the remand should advise the Court on or before April 27, 2007 whether it is propitious to continue to proceed with a Plaintiffs' Executive Committee and pretrial consolidation in this Court or whether the cases should proceed separately.  Those counsel should also advise regarding any changes to be made to the Second Amended Case Management Order No. 1 as a result of this Opinion and Order.  In the event the parties decide to continue with a Plaintiffs' Executive Committee and Plaintiffs' Liaison Counsel, counsel whose cases have been remanded and who no longer have an active case before this Court will be removed from the Master Case File by the Clerk and should not practice in this Court on behalf of Plaintiffs.  Those counsel should also be removed from the Plaintiffs' Executive Committee in this consolidated case, if such a committee continues to exist.

## VI.    CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

A.    The Motions by Plaintiffs Adams [DE #77] (Fayette Cir. Ct. No. 06-CI-3749), Hebert [DE #93] (Fayette Cir. Ct. No. 06-CI-3843), First Citizens Bank of Elizabethtown for N. Kono [DE #140] (Fayette Cir. Ct. No. 06-CI-4219) and T. Kono [DE #141] (Fayette Cir. Ct. No. 06-CI-4220), Curry [DE #168] (Fayette Cir. Ct. No. 06-CI-4308), Finley, Briscoe, Ryan, Theodore, Threet [DE #191] (Fayette Cir. Ct. No. 06-CI-4371), Bizzack [DE #220] (Fayette Cir. Ct. No. 06-CI-4888), Trimble [DE #258] (Fayette Cir. Ct. No. 06-CI-5130), Thomason [DE #262] (Fayette Cir. Ct. No. 06-CI-5078), Frederick [DE #261] (Fayette Cir. Ct. No. 06-CI-5102), and Combs [DE #317]

(Fayette Cir. Ct. No. 06-CI-5585) that their cases be remanded to the Fayette Circuit Court for lack of subject matter jurisdiction in this Court are hereby **GRANTED**.  These actions are **REMANDED** to the Fayette Circuit Court for further proceedings;

B.      The motion by Plaintiffs Demrow and Byrd  [DE #191] that their cases be remanded to the Fayette Circuit Court for lack of subject matter jurisdiction in this Court is **PASSED**.

C.      The motion of Plaintiff C. Washington [DE # 88] to remand is **DENIED AS MOOT**.

D.      Defendant's Motion for a Hearing [DE #361] on the pending motions to remand is **DENIED AS MOOT**;

E.      The motion by Plaintiffs Finley, Ryan and Threet to file a first amended complaint [DE #324] is **DENIED AS MOOT**, as their cases have been remanded;

F.      On or before April 27, 2007, counsel for Plaintiffs Demrow and Byrd shall file a memorandum regarding the applicability of the Warsaw Convention to their motions to remand; Comair shall file a responsive memorandum on or before May 11, 2007, and these Plaintiffs may reply on or before May 21, 2007;

G.      On or before April 27, 2007, counsel for Plaintiffs with an active case remaining before this Court and counsel for Defendants shall advise whether it is propitious to continue to proceed with a Plaintiffs' Executive Committee and pretrial consolidation and advise regarding any changes to be made to the Second Amended Case Management Order No. 1 as a result of this Opinion and Order.

This April 13, 2007.

**Signed By:**

_**Karl S. Forester**_  K S F

**United States Senior Judge**